In re LEWIS C. NELSON AND SONS, INC., Petitioner,

v.

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, Respondent,

County of Fresno, Real Party in Interest.

No. 05–75969.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 19, 2006.

Filed July 6, 2006.

Robert L. Leslie, McInerney & Dillon, P.C., Oakland, CA, for Petitioner.

Marshall C. Whitney, Esq., McCormick Barstow Sheppard Wayte & Carruth, LLP, Fresno, CA, for Real Party in Interest.

Before: RYMER and WARDLAW, Circuit Judges, and WARE,* District Judge.

MEMORANDUM **

Lewis C. Nelson and Sons, Inc. ("Petitioner") petitions us for a Writ of Mandamus directing the district court to vacate its order denying Petitioners' motion to disqualify opposing counsel. We deny the petition.

The attorneys involved are Marshall C. Whitney, Stephen E. Carroll and the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth (collectively "the McCor-

mick law firm"). The McCormick law firm was retained to represent the County of Fresno in defense of a complaint filed by Petitioner against the County in which Petitioner alleged inter alia that the County of Fresno violated Petitioner's right to equal protection and due process of law by applying different standards to Petitioner than to other bidders due to Petitioner's exercise of its civil rights.

The McCormick law firm had previously represented Petitioner and its principal officer in various matters from 1985 to 1996. Although eight years had passed since the McCormick law firm's final representation of Petitioner, Petitioner moved to disqualify them on the ground that counsel would use confidential information to further the County's interest to the detriment of Petitioner. The District Court denied the motion on the ground that Petitioner failed to show that the McCormick law firm possessed any particular confidential information which related to the issues involved in the action against County of Fresno. Petitioner filed a timely petition of a writ of mandate.

We have jurisdiction over this petition for writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603–04, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). "We determine whether mandamus relief is appropriate in a particular case by reference to the guidelines set forth in *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir.1977)." *Christensen v. United States Dist. Court*, 844 F.2d 694, 696–97 (9th Cir.1988). Although Petitioner establishes the first two *Bauman* factors, because an order disqualifying counsel is not subject to immediate appeal and any dam-

* The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

age caused by the alleged conflict would not be correctable on appeal, *id.* at 697, he fails to demonstrate the essential third factor, that the district court committed clear error. *Cole. v. United States Dist. Court,* 366 F.3d 813, 820 (9th Cir.2004) ("Absence of this factor is often dispositive of the petition.").

"The relevant test for disqualification is whether the former representation is 'substantially related' to the current representation." *Trone v. Smith,* 621 F.2d 994 (9th Cir.1980). Precise identity between the issues in the prior and current representation cases is not required. *Id.* at 1000. However, general knowledge about a client alone is insufficient to warrant disqualification.[1] The district court applied the correct standard. In its order, the district court reviewed the circumstances of the prior representation of Petitioner by the McCormick law firm and reviewed the Fresno litigation. The district court concluded that no material confidential information was obtained by the McCormick law firm during their representation of Petitioner which could be used against Petitioner, and that there is no substantial relationship between the prior representation and the current representation. The district court's conclusion was not clearly erroneous.

Petitioner does not allege that the district court's order represents an oft-repeated error or manifests a persistent disregard of the federal rules (the fourth *Bauman* factor). Nor does this case raise an issue of law of first impression (the fifth *Bauman* factor). Petitioner urges a *new* per se rule of attorney disqualification in certain factual scenarios, but we have repeatedly rejected such a rule and instead

chosen to consider the nature and scope of representation as part of the "substantial relationship" test. *See Trone,* 621 F.2d at 999–1000. Therefore, mandamus is inappropriate.

**PETITION FOR WRIT OF MANDATE IS DENIED.**

---

1. A legitimate concern is raised whenever attorneys take cases involving former clients. Protection of the sanctity of the attorney-client relationship leads many attorneys, even in cases where there is no actual conflict, to take prophylactic measures such as ethical walls.